CASE NUMBER 2:12-CV-00701-WKW

-------------------------------------------------------------------------------------------------------------------

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN THE MATTER OF:

Stanley Crawford,                                              Chapter 13
                                                                       Case No.  08-30192

             Debtor.

STANLEY L. CRAWFORD,

           Plaintiff-Appellant,

vs.                                                                   AP Number 12-3033-DHW

LVNV FUNDING, LLC,
RESURGENT CAPITAL SERVICES, L.P.,
and PRA RECEIVABLES MANAGEMENT, LLC,

           Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIEF OF APPELLANT

# TABLE OF CONTENTS

**CASE STYLE** ..................................................................................1

**TABLE OF CONTENTS**.................................................................2

**CERTIFICATE OF INTERESTED PERSONS** ..............................5

**TABLE OF AUTHORITIES**............................................................6

**STATEMENT OF JURISDICTION** ................................................7

**STATEMENT OF ISSUES PRESENTED ON APPEAL** .................7

1) THE BANKRUPTCY COURT DISMISSED THE DEBTOR'S FDCPA CLAIM FILED IN THE DEBTOR'S ADVERSARY PROCEEDING IN RELIANCE ON *IN RE SIMPSON*, 2008 WL 4216317 (N.D. ALA. AUG. 29, 2008). THE DEBTOR CONTENDS THAT *SIMPSON* IS WRONGLY DECIDED. ............................................................................ 7

2) THE *SIMPSON* COURT AND OTHERS ADDRESSING THIS ISSUE HAVE NEVER DISTINGUISHED THE DIFFERENCE IN THE RIGHTS OF A CREDITOR AND A DEBT COLLECTOR. AS A RESULT, *SIMPSON*, AND DECISIONS LIKE IT, HAVE JUDICIALLY CREATED A LITIGATION IMMUNITY FOR DEBT COLLECTORS ACTING IN THE BANKRUPTCY COURT IN VIOLATION OF THE SPIRIT AND PURPOSE OF THE FDCPA WHICH EXISTS TO REGULATE THE CONDUCT OF DEBT COLLECTORS. ........................ 8

3) AS A RESULT OF THIS JUDICIALLY CREATED LITIGATION IMMUNITY DEBT COLLECTORS ARE ABLE TO SEEK PAYMENT ON TIME-BARRED DEBTS IN THE BANKRUPTCY COURTS OF THE UNITED STATES WHEN THEY COULD NOT DO SO IN ANY OTHER COURT OF THE UNITED STATES WITHOUT VIOLATING THE FDCPA. THIS PRECEDENT HAS CREATED A GIANT LOOPHOLE IN THE FDCPA THROUGH WHICH DEBT COLLECTORS OPERATE WITH IMPUNITY IN THE BANKRUPTCY COURTS OF THE UNITED STATES. ........................................................................ 8

4) BECAUSE OF THE ERRORS IN THE LOGICAL UNDERPINNING OF *SIMPSON* AND THE DECISIONS RELIED UPON SIMILAR TO *SIMPSON* THIS COURT SHOULD DECLARE THAT THE FDCPA APPLIES TO THE CONDUCT OF DEBT COLLECTORS IN WHATEVER FORUM OR COURT THEY OPERATE IN AND THAT A DEBT COLLECTOR SEEKING PAYMENT ON TIME-BARRED DEBT IN THE BANKRUPTCY COURT VIOLATES THE FDCPA. ............. 8

5)   WHILE THE BANKRUPTCY CODE EXPLICITLY AUTHORIZES A *CREDITOR* TO FILE A CLAIM REQUESTING PAYMENT ON TIME-BARRED DEBT IN THE BANKRUPTCY COURT THE CODE DOES NOT MENTION A *DEBT COLLECTOR*. ..................................... 8

6)   THE DEBTOR CONTENDS THAT THE FDCPA IS NOT PREEMPTED BY THE BANKRUPTCY CODE, <u>SEE</u> *RANDOLPH V. IMBS, INC.*, 368 F.3D 726, 728 (7TH CIR. 2004)................................................................................................. 8

7)   AS A RESULT, DEBT COLLECTORS, AS DEFINED BY THE FDCPA, ENJOY NO IMMUNITY FROM THE FDCPA IN THE BANKRUPTCY COURTS OF THE UNITED STATES AND MUST COMPLY WITH THE FDCPA AND THE COMMON LAW WHICH HAS DEVELOPED INTERPRETING THE ACT. .................................................................. 8

8)   SINCE AT LEAST 1987 DEBT COLLECTORS HAVE BEEN ON NOTICE THAT COLLECTING TIME-BARRED DEBT WAS A VIOLATION OF THE FDCPA, <u>SEE</u> *KIMBER VS FEDERAL FINANCIAL CORP.* 668 F. SUPP 1480 (1987, MD ALA.). ........................... 8


A.  **STATEMENT OF THE CASE** ................................................................ 9
   I. COURSE OF PROCEEDINGS ..................................................... 9
   II. STATEMENT OF THE FACTS.................................................... 9
   III.  STANDARD OF REVIEW ...................................................... 10


B.  **SUMMARY OF THE ARGUMENT** ....................................................... 11


C.  **ARGUMENT** ......................................................................... 13
   A.   ***IN RE SIMPSON* IS WRONGLY DECIDED** .......................................... 13

   *i.*  *Simpson* does not differentiate between the conduct of a creditor in a bankruptcy proceeding and that of a debt collector.  Neither Simpson nor any other Bankruptcy case relied upon by the defendants addressing this subject distinguishes between a creditor and a debt collector. ..................................... *13*

   *ii.*  *Simpson* holds that an FDCPA claim "cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim." This holding effectively causes the Bankruptcy Code to preempt the FDCPA despite the strong federal policy against such types of preemption*.*................ *14*

*iii.*   While  the Bankruptcy Code authorizes a creditor to file a time-barred proof of claim the FDCPA specifically prohibits a debt collector from collecting time-barred debt...................................................................................... *14*

B.   **THE FDCPA IS NOT PREEMPTED BY THE BANKRUPTCY CODE AND IS APPLICABLE TO ACTIONS OF DEBT COLLECTORS TAKEN WITHIN THE CONFINES OF OR ANCILLARY TO A BANKRUPTCY PROCEEDING**...........................................15

*i.*   History and Purpose of the Act ................................................. *18*

*ii.*   Standard of Review of Debt Collector's Actions....................................... *19*

C.   **THE DEFENDANTS, DEBT COLLECTORS, CAN BE LIABLE UNDER THE FDCPA FOR THE CONTENTS OF A PROOF OF CLAIM** 20

**D.   CONCLUSION** .........................................................................22

**CERTIFICATE OF SERVICE**.............................................................**23**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Appellant, in accordance with Federal Rule of Appellate Procedure 26.1

hereby certifies that, to her knowledge, the following persons have an interest in

the outcome of this appeal:

**Honorable Dwight Williams,** United States Bankruptcy Judge, Trial Judge

**Stanley L. Crawford,** Plaintiff-Appellant

**Nicholas H. Wooten,** Attorney for Plaintiff-Appellant in Adversary Proceeding

**Neal D. Moore,** Attorney for all defendants

**Curtis C. Reding,** Chapter 13 Trustee

# TABLE OF AUTHORITIES

**Cases**

*Humana, Inc. v. Forsyth*, 525 U.S. 299, 119 S. Ct. 710, 142 L.Ed.2d 753 (1999) ................. 17, 21

*In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008) ........................... 7, 9, 11, 13, 14, 15

*In re Sublett*, 895 F.2d 1381, 1383-1384 (11th Cir. 1990) ........................................................ 7

*Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ................................................................ 19

*Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1484 (M.D. Ala. 1987) .. 8, 13, 15, 17, 22

*Monson v. First Nat'l Bank of Bradenton*, 497 F.2d 135 (5th Cir. 1974) .................................... 11

*Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ........................................ 8, 16, 18, 21

*T & B General Contracting, Inc.*, 833 F.2d 1455, 1460 (11th Cir. 1987) .................................... 11

*Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987) ....................................................... 7

**Statutes**

§ 1692a(4) ............................................................................................................................. 13

11 U.S.C. § 101(10) ................................................................................................................ 21

15 U.S.C. § 1692(e) ................................................................................................................ 18

15 U.S.C. § 1692(k) ................................................................................................................ 19

28 U.S.C.A. § 158(a) ................................................................................................................. 7

28 U.S.C.A. §158(c) .................................................................................................................. 7

**Other Authorities**

*Black's Law Dictionary (7th Ed. 1999)* ................................................................................. 11

**Rules**

Rule 12(b) of the Federal Rules of Civil Procedure ................................................................ 10

Rule 7052 of the Bankruptcy Rules of Procedure .................................................................... 7

Rule 8001 of the Bankruptcy Rules of Procedure .................................................................... 7

Rule 8013 of the Bankruptcy Rules of Procedure .................................................................... 7

Rule 9011 of the Bankruptcy Rules of Procedure .................................................................. 21

**ECF Document Citation**

ECF 1 ................................................................................................................................. 9, 10

ECF 5 ...................................................................................................................................... 9

ECF 9 ...................................................................................................................................... 9

ECF 11 .................................................................................................................................... 9

ECF 19 .................................................................................................................................... 9

ECF 20 ................................................................................................................................ 9, 10

ECF 22 .................................................................................................................................... 9

**Official Forms**

Form B10 .............................................................................................................................. 21

## STATEMENT OF JURISDICTION

The District Court's jurisdiction to hear this appeal is found at Rule 8001 of the Bankruptcy Rules of Procedure and 28 U.S.C. § 158(a)(1) and 28 U.S.C. § 158(a)(3) which provide:

> "The district courts of the United States shall have jurisdiction to hear appeals: (1) from final judgments, orders, and decrees; …. (3) with leave of the court, from other interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. § 157. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

The district court in a bankruptcy appeal … functions as an appellate court in reviewing the bankruptcy court's decision. See 28 U.S.C.A. § 158(a) and 28 U.S.C.A. §158(c). The district court is not authorized to make independent factual findings; that is the function of the bankruptcy court. <u>See</u> Rule 7052 of the Bankruptcy Rules of Procedure and Rule 8013 of the Bankruptcy Rules of Procedure; *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir. 1987), See *In re Sublett*, 895 F.2d 1381, 1383-1384 (11th Cir. 1990) .

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1)     The Bankruptcy Court dismissed the Debtor's FDCPA claim filed in the debtor's adversary proceeding in reliance on *In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008). The debtor contends that *Simpson* is wrongly decided.

2)      The *Simpson* Court and others addressing this issue have never distinguished the difference in the rights of a creditor and a debt collector.   As a result, *Simpson*, and decisions like it, have judicially created a litigation immunity for debt collectors acting in the Bankruptcy Court in violation of the spirit and purpose of the FDCPA which exists to regulate the conduct of debt collectors.

3)      As a result of this judicially created litigation immunity debt collectors are able to seek payment on time-barred debts in the Bankruptcy Courts of the United States when they could not do so in any other Court of the United States without violating the FDCPA.  This precedent has created a giant loophole in the FDCPA through which debt collectors operate with impunity in the Bankruptcy Courts of the United States.

4)      Because of the errors in the logical underpinning of *Simpson* and the decisions relied upon similar to *Simpson* this Court should declare that the FDCPA applies to the conduct of debt collectors in whatever forum or court they operate in and that a debt collector seeking payment on time-barred debt in the Bankruptcy Court violates the FDCPA.

5)      While the Bankruptcy Code explicitly authorizes a *creditor* to file a claim requesting payment on time-barred debt in the Bankruptcy Court the Code does not mention a *debt collector*.

6)      The Debtor contends that the FDCPA is not preempted by the Bankruptcy Code, see  *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004).

7)      As a result, debt collectors, as defined by the FDCPA, enjoy no immunity from the FDCPA in the Bankruptcy Courts of the United States and must comply with the FDCPA and the common law which has developed interpreting the Act.

8)      Since at least 1987 debt collectors have been on notice that collecting time-barred debt was a violation of the FDCPA, see *Kimber vs Federal Financial Corp*. 668 F. Supp 1480 (1987, MD Ala.).

# A. <u>STATEMENT OF THE CASE</u>

## I.  COURSE OF PROCEEDINGS

The debtor, Stanley L. Crawford, filed a chapter 13 petition in the Bankruptcy Court for the Middle District of Alabama.  The Bankruptcy case was given the number 08-30192.   The Appellant filed a three count Adversary proceeding related to claims filed by the Appellees in the underlying bankruptcy case.  The first count was a claim objection directed at the defendants' claims on the basis they were time-barred (among other grounds).  The second claim was for a violation of the automatic stay premised upon the defendants seeking funds from the debtor's estate to which they had no legal claim or right.  The third claim was for violation of the FDCPA on the grounds that the defendants were debt collectors and were seeking payment on time-barred debt.  (See ECF 1 in the Adversary proceeding).  The defendants each filed motions to dismiss Crawford' adversary proceeding. (LVNV Funding at ECF 5 with brief at ECF 11Resurgent Capital Services at ECF 9 with brief at ECF 19.  These motions and briefs relied heavily upon the current state of the law and were granted by the Bankruptcy Court at ECF 20 relying on the rationale of *In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008).  The debtor timely appealed the dismissal (ECF 22).

## II.  STATEMENT OF THE FACTS

1.     Because this matter was decided on a motion to dismiss, this Court

would treat the factual allegations in the plaintiff's complaint as true.

<u>See</u> Rule 12(b) of the Federal Rules of Civil Procedure.

2.     LVNV is a debt purchaser (Par. 8 ECF 1).

3.     Resurgent is a debt collector (Par. 13 ECF 1).

4.     PRA is a debt collector (Par. 16 ECF 1).

5.     Each defendant has an established practice of filing proofs of claim on

time-barred debts (Par. 17-19 ECF 1).

6.     LVNV, through Resurgent, filed a claim in the bankruptcy case

seeking payment on a debt which had a last transaction date of

10/26/2001.  The statute of limitations expired on this debt, at the

latest, on 10/26/2004 (Par. 31 ECF 1).

7.     The debtor asserts that he has utilized the account in more than 13

years at the time of filing the adversary proceeding.  (Par. 20 ECF 1).

## III.   STANDARD OF REVIEW

The Bankruptcy Court's decision to dismiss the adversary proceeding was based upon a ruling on a question of law (ECF 20).  Therefore, the applicable standard of review for this decision is de novo.  *Black's Law Dictionary* defines the phrase "*de novo* appellate review" as an "appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the

trial court's rulings." *Black's Law Dictionary (7th Ed. 1999)*.  "Determinations of law, whether made by the bankruptcy court or by the district court, are reviewed *de novo*." *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1383 (11th Cir. 1990).  Regarding the legal conclusions of the lower courts, conclusions "are subject to complete review by this court." *T & B General Contracting, Inc.*, 833 F.2d 1455, 1460 (11th Cir. 1987)  (citing *Monson v. First Nat'l Bank of Bradenton*, 497 F.2d 135 (5th Cir. 1974).  *Accord In re Fielder*, 799 F.2d 656, 657 (11th Cir. 1986).  "This court as an appellate court gives deference to all findings of fact by the fact finder if based upon substantial evidence, [this court] freely examines the applicable principles of law to see if they were properly applied and freely examines the evidence in support of any particular finding to see if it meets the test of substantiality."  *In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989).

## B.   SUMMARY OF THE ARGUMENT

Crawford is arguing for a change in the current state of the law.  As previously noted, the Bankruptcy Court relied upon the decision of *In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008) for its rationale in dismissing Crawford' adversary proceeding.  Crawford contends that the rationale of *Simpson* is flawed in several respects and this Court should reverse the Bankruptcy Court and reinstate Crawford's adversary proceeding.

Briefly, Crawford contends that *Simpson* is flawed for the following reasons:

1)      *Simpson* does not differentiate between the conduct of a creditor in a bankruptcy proceeding and that of a debt collector.  Neither *Simpson* nor any other Bankruptcy case relied upon by the defendants addressing this subject distinguishes between a creditor and a debt collector.

2)      *Simpson* holds that an FDCPA claim "cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim".  This holding effectively causes the Bankruptcy Code to preempt the FDCPA despite the strong federal policy against such types of preemption.

3)      While the Bankruptcy Code authorizes a creditor to file a time-barred proof of claim the FDCPA specifically prohibits a debt collector from collecting time-barred debt.

4)      A creditor's actions are never subject to FDCPA liability.

5)      A debt collector is always subject to FDCPA liability.

6)      *Simpson*, and similar cases, have the effect of judicially creating a litigation immunity in the Bankruptcy Court for debt collectors who violate the FDCPA.  The FDCPA makes no provision for a litigation immunity.

7)      The Bankruptcy Court is nothing more than an extension of the District Court itself.  If an action would violate the FDCPA in any other Court of the United States, then that same action in the Bankruptcy Court must also violate the FDCPA.

Crawford contends that the FDCPA is not preempted by the Bankruptcy

Code.  The FDCPA applies to debt collectors operating in the Bankruptcy Court.

There is no litigation immunity for debt collectors operating in the Bankruptcy

Court.  A debt collector can violate the FDCPA by its actions in the Bankruptcy

Court.

### C.    ARGUMENT

#### a.    *IN RE SIMPSON* IS WRONGLY DECIDED

**i.    *Simpson* does not differentiate between the conduct of a creditor in a bankruptcy proceeding and that of a debt collector.  Neither *Simpson* nor any other Bankruptcy case relied upon by the defendants addressing this subject distinguishes between a creditor and a debt collector.**

   *Simpson's* logic fails because the case fails to draw a critical distinction

between the conduct and rights of a creditor in a bankruptcy proceeding and that of

a debt collector.  This same failing permeates and taints the other decisions similar

to *Simpson* upon which the defendants rely for their authority.  "A creditor is

defined by § 1692a(4) of the Act as any person who offers or extends credit

creating a debt or to whom a debt is owed, but such term does not include any

person to the extent that he receives an assignment or transfer of a debt in default

solely for the purpose of facilitating collection of such debt for another."

*Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1484 (M.D. Ala. 1987)

   The documents filed with the proofs of claim by these defendants clearly

show that they do not fall within the definition of a creditor but are both clearly

debt collectors.  As such, the Court should review their conduct, even in the

Bankruptcy forum, through the spectrum of the FDCPA. Debt collectors are not magically converted to creditors merely by pursuing payment in the Bankruptcy Court.

ii. ***Simpson* holds that an FDCPA claim "cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim." This holding effectively causes the Bankruptcy Code to preempt the FDCPA despite the strong federal policy against such types of preemption.**

Perhaps the most troubling portion of the holding in *Simpson* is the declaration that an FDCPA claim cannot be based upon the filing of a proof of claim regardless of the ultimate validity of the underlying claim. This holding has the practical effect of judicially creating a litigation immunity for debt collectors operating in the bankruptcy court. There is no such litigation immunity to be found in the FDCPA. Nor does the FDCPA provide in any form that it does not apply to debt collectors utilizing the bankruptcy court system to seek payment of debts. Further, based upon the extensive analysis of this issue in *Randolph* it is clear that the FDCPA does apply to the actions of debt collectors in bankruptcy.

iii. **While the Bankruptcy Code authorizes a creditor to file a time-barred proof of claim the FDCPA specifically prohibits a debt collector from collecting time-barred debt.**

*Simpson* rightly notes that the Bankruptcy Code makes provision for the filing of proofs of claim for time-barred debt. *Simpson* also notes that the Code makes provision for disallowance of those claims upon a proper objection by the

debtor on the grounds that the debt is time-barred.  However, *Simpson* fails to consider or discuss the fact that since at least 1987 the law has been settled that a debt collector violates the FDCPA by seeking payment on a time-barred debt pursuant to Judge Thompson's holding in *Kimber*.  Because the *Simpson* court fails to analyze whether the claimant is a debt collector and whether the claimant's conduct violates the FDCPA, the *Simpson* court fails to analyze the relevant issue which is whether the party seeking payment is a creditor or a debt collector and, if the party is a debt collector, whether that party's actions violate the FDCPA.  At this point it bears mentioning that this determination (creditor vs. debt collector) creates a valid distinction between actors in a case.  A creditor is never subject to the FDCPA and their conduct will never be measured by the limitations imposed under the FDCPA.  On the other hand, the FDCPA was passed to protect consumers from overzealous debt collector's conduct and is always measured against that conduct which is allowable pursuant to the FDCPA.  This distinction, having never been drawn, creates a situation where debt collectors have been granted a judicially created immunity for their wrongful actions in the bankruptcy forum.

      b.  **The FDCPA is not preempted by the Bankruptcy Code and is applicable to actions of Debt Collectors taken within the confines of or ancillary to a Bankruptcy Proceeding**

Crawford urges this Court to recognize as persuasive authority the Seventh Circuit's holding in *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004). *Randolph* is the seminal circuit level case touching the interplay between the FDCPA and the Bankruptcy Code.   In *Randolph* the defendants argued that the FDCPA was preempted by the Bankruptcy Code.   The Seventh Circuit dispatched this argument with a thoughtful analysis and explanation of the interplay between incongruous federal statutes.   The Seventh Circuit in *Randolph* held that:

> "The Bankruptcy Code does not preempt the FDCPA because one federal statute cannot preempt another.  *Id.*   Two statutes that address the same subject in different ways may have one statute repeal the other implicitly or by implication; however, that is a rare occurrence." *Id.*   To accomplish repeal, either there must be irreconcilable conflict between the two statutes or a "clearly expressed legislative decision that one replace the other.  *Id.*  The FDCPA and the Bankruptcy Code do not add up to irreconcilable conflict nor has Congress expressly stated that one replace the other.  *Id.*  Instead, the statutes overlap and both statutes are "easy to enforce."  *Id.*    "Any debt collector can comply with both simultaneously."  *Id.*  Each statute has coverage that the other lacks.  *Id.* at 731.

> "The [Bankruptcy] Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy."  *Id.*

> "The FDCPA sets a lower standard of liability and provides lower damages.  *Id.*  It also deals with class actions, maximum recovery, attorneys' fees, and the period of limitations.  Section 362 violations are more of a contempt of court proceeding."  *Id.*

The FDCPA and the Bankruptcy Code are "simply different rules with different requirements of proof and different remedies."  *Id.* at 732. Thus, the FDCPA and the Bankruptcy Code can co-exist and courts

can enforce both.  *Id.* at 731.  <u>See</u> *Humana, Inc. v. Forsyth*, 525 U.S. 299, 119 S. Ct. 710, 142 L.Ed.2d 753 (1999)."

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).

Crawford urges the explicit adoption of *Randolph* in the Middle District of Alabama through this decision of the District Court.  This case serves as a shining example of how this issue currently affects debtors in the Middle District of Alabama.  Crawford has proposed to pay his creditors through a chapter 13 plan. These defendants have come into court seeking payment on claims that are clearly time-barred.  Under the current state of the law in the Middle District, the debtor's only recourse is a claim objection, for which his counsel must prepare pleadings and attend court.  There is no affirmative remedy for this act in the Bankruptcy court, even though it is flagrant and occurs so often as to be a routine practice by a majority of debt collectors.  If the debtor's attorney does not object to the claim, then these defendants would begin to receive money on their claims and to collect funds on time-barred debt, in this case a debt that is 13 years old.  Had these same defendants filed a lawsuit on this account prior to Crawford' filing bankruptcy they would clearly be guilty of violating the FDCPA as noted in Judge Thompson's ruling in *Kimber*.

The dichotomy vexing consumers, who are also bankruptcy debtors under the current regime, is that they may file bankruptcy and find themselves paying money to debt collectors for debts that would otherwise be time-barred if they had

not availed themselves of the "protections" of the Bankruptcy Code.  Clearly the current interpretation of the interplay between the FDCPA and the Bankruptcy Code is an affront to both the concept of a fresh start that the Bankruptcy Code seeks to provide and the concept of liberal interpretations of consumer protection statutes for the protection of the most vulnerable among us from the predations of overzealous debt collectors.

Because of this anomaly Crawford strenuously argues that this Court should expressly adopt *Randolph*.  Such a holding would make clear to consumers and debt collectors alike that consumers do not sacrifice the protections of the FDCPA merely by filing bankruptcy.  This holding would also put debt collectors on notice that they will no longer be allowed to engage in conduct against bankrupts that they could not engage in against non-bankrupt consumers.  This ruling would be in conformity with the purpose of the FDCPA.

**i.      History and Purpose of the Act**

Congress enacted the FDCPA to "eliminate abusive collection practices by debt collectors."  15 U.S.C. § 1692(e), *Carn v. Medical Data Systems, Inc. (In re Cambron)*, 2007 WL 4287376 *2 (Bankr. M.D. Ala. Dec. 5, 2007).  The FDCPA is a strict liability statute, *Id.* and a single violation of § 1692(e) is sufficient "to establish civil liability.   *Id.* (quoting 15 U.S.C. § 1692(k)). The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer.

*Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Whether or how much a consumer owed on the debt is not a factor. *Id.*; *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The Second Circuit has held (paraphrasing) "we know the Act is not supposed to impede ethical debt collectors, but the <u>primary purpose</u> of the Act is protection of consumers, and the act was principally passed for THAT purpose…" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir. 2008).

**ii.    Standard of Review of Debt Collector's Actions**

The Eleventh Circuit has adopted the "least sophisticated consumer" standard for determining deception by a debt collector under the FDCPA. *In re Cambron*, 2007 WL 4287376 *3 (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). Courts should make determinations for the protection of the public – "that vast multitude which includes the ignorant, the unthinking and the credulous" – rather than protecting experts. *Id.* (quoting *Jeter* at 1172-73). The "least sophisticated consumer" is geared toward the concept of "reasonableness for an individual who can 'possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993).

The *Jeter* court stated that although a false statement may be "obviously false to those who are trained and experienced," that fact does not change the

"character nor take away [the falsity's] power to deceive others less experienced." *Id.* (quoting *Jeter* at 1173). In fact, even a lawyer falls under the protection of the FDCPA since the consumer's "actual degree of sophistication is not relevant." *Sparks v. Phillips & Cohen Assoc., Ltd.*, 2008 WL 2540679 *5 (S.D. Ala. June 20, 2008).

c.  **THE DEFENDANTS, DEBT COLLECTORS, CAN BE LIABLE UNDER THE FDCPA FOR THE CONTENTS OF A PROOF OF CLAIM**

The Plaintiff does not argue that a debt collector cannot file a proof of claim. The act of filing of a proof of claim is not the entrée to liability. Rather, it is the content of that proof of claim that gives rise to potential liability under the FDCPA. Crawford posits that a debtor in bankruptcy is entitled to the same protections under the FDCPA against abusive filings in the Bankruptcy Court that he would receive in any other Court in the United States. Crawford further posits that the true issue in the case is not whether the actions complained of took place in the Bankruptcy Court but whether those actions violate the FDCPA.

*Randolph* held that "The Bankruptcy Code does not preempt the FDCPA because one federal statute cannot preempt another. *Id*. The FDCPA and the Bankruptcy Code do not add up to irreconcilable conflict nor has Congress expressly stated that one replace the other. *Id*. Instead, the statutes overlap and both statutes are "easy to enforce." *Id*. "Any debt collector can comply with both

simultaneously." *Id*. Each statute has coverage that the other lacks. *Id*. at 731. "The [Bankruptcy] Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy." *Id*. <u>See</u> *Humana, Inc. v. Forsyth,* 525 U.S. 299, 119 S. Ct. 710, 142 L.Ed.2d 753 (1999)."

Form B10 defines "Creditor" as "a person, corporation, or other entity *to whom debtor owes a debt that was incurred before the date of the bankruptcy filing*." 11 U.S.C. § 101(10). The filing of a proof of claim is the filer's certification that the filer has a right to receive payment from a debtor, <u>See</u> Form B10, page 3, definition of Claim and definition of Proof of Claim. Form B10 is also filed under penalty of perjury (Form B10 page 2 "I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief") and subject to Rule 9011 of the Bankruptcy Rules of Procedure (Form B10, page 2, Item 8 "date and signature"). It is therefore clear that the presentation of a claim form to the Bankruptcy Court seeking payment on a time-barred debt is a request for payment from the debtor's bankruptcy estate, which is made up of the income and assets of the debtor as defined by the Code. Further, it is clear that FDCPA case law has provided that an attempt to collect a debt after the expiration of the statute of limitations was a

violation of the Act since Judge Thompson authored the opinion in *Kimber vs. Federal Financial Corp.,* 668 F. Supp. 1480 (1987, MD Ala.).

### D.    CONCLUSION

It seems beyond cavil that an action which would violate the FDCPA in any other Court of the United States (or any State Court) should also violate the FDCPA and be actionable in the Bankruptcy Court.  The debtor's rights under the FDCPA exist in parallel to the debtor's rights to seek protection under the law from abusive filings under the Rules of any Court.

For example, a debt collector in a state court ejectment action or collection action is authorized to file those pleadings and supporting documents it deems necessary to support its claim in the non-bankruptcy forum by the applicable rules of Court.  If the debt collector seeks payment of an amount that the consumer does not owe, files a false affidavit or submits flawed documents the consumer has the right to invoke Rule 11 and seek appropriate sanctions in the State Court action. Those rights would be cumulative and in addition to the consumer's rights to sue under the FDCPA.  The actions of the debt collector described above would clearly violate the FDCPA and liability would attach despite an applicable and parallel Rule of Court authorizing the filing of the documents in the case.

This is where the holding in *Simpson* and like cases fails.  The distinction that other Courts have drawn between the right, under the applicable rules, to file

pleadings and documents in the bankruptcy court and an exemption from liability under the FDCPA because the action is taken in Bankruptcy Court constitutes a judicially created litigation immunity in the Bankruptcy Court that is not supported by public policy or the holding in *Randolph* which holds that the FDCPA does apply to actions in the Bankruptcy forum.  There is no sound policy reason or legal reason for this Court to give debt collectors a free pass on liability for improper conduct in the Bankruptcy forum.

Done and Filed this 29th day of October, 2012.

Respectfully submitted,

*/s/Nick Wooten*
Nick Wooten
Nick Wooten - Bar No. WOO084
Nick Wooten, LLC
P.O. Box 3389
Auburn, AL 36831
Tel. (334) 887-3000
Fax (334) 821-7720
Email:   nick@nickwooten.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on the following parties in interest either by first class U.S. Mail, postage prepaid, or via electronically on this the 25th day of September, 2012.

Neal W. Moore

FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243
Attorney for Resurgent Capital Services, LP


The Debtor

Curtis C. Reding
Chapter 13 Trustee
Via ECF system

All creditors on the matrix


/s/ Nick Wooten_____
Of Counsel